# United States District Court

# District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 05 2021

11:31 a.m. //
Margaret Botkins, Clerk
Cheyenne

CHRIS M. WILLMER, SR.

_____

_____

*Plaintiff(s)*

*(In the space above enter the full name(s) of the plaintiff(s).If you cannot fit the names of all of the plaintiffs in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names),*

v. (-against-)

DANNY L. GLICK
CORRHEALTH, INC.
DEPUTY LITTAU
JOHN AND JANE DOES 1 THROUGH 70
*Defendant(s)*

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Case No. 21-CV-204-S

(To be filled out by Clerk's Office only)

**COMPLAINT**

(*Pro Se* Prisoner)

Jury Demand?

☑Yes

☐ No

*Pro Se* Civil Rights Complaint

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

## COMPLAINT

Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).

☑ *42 U.S.C. § 1983 (state, county, or municipal defendants)*

☐ *Action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) (federal defendants)*

## PLAINTIFF INFORMATION

WILLMER, SR., CHRIS M.
Name (Last, First, MI)                                    Aliases

061253
Prisoner ID #

LARAMIE COUNTY JAIL
Place of Detention

1910 PIONEER AVENUE

*Pro Se* Civil Rights Complaint                          page 2 of 13

Institutional Address

*LARAMIE, CHEYENNE        WYOMING        82001*

County, City                            State                      Zip Code

## PRISONER STATUS

Indicate whether you are a prisoner or other confined person as follows:

- [x] *Pretrial detainee*
- [ ] *Civilly committed detainee*
- [ ] *Immigration detainee*
- [ ] *Convicted and sentenced state prisoner*
- [ ] *Convicted and sentenced federal prisoner*

## DEFENDANT(S) INFORMATION

Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper using the same format for any additional defendants.

Defendant 1:    *GLICK, DANNY L.*

Name (Last, First)

*SHERIFF*

Current Job Title

*1910 PIONEER AVENUE*

Current Work Address

*LARAMIE, CHEYENNE    WYOMING    82001*

County, City                            State                  Zip Code

Defendant 2:    *CORE HEALTH, INC.*

Name (Last, First)

*Pro Se* Civil Rights Complaint                                    page 3 of 13

HEALTHCARE COMPANY
Current Job Title

1910 PIONEER AVENUE
Current Work Address

LARAMIE, CHEYENNE    WYOMING       82001
County, City                          State              Zip Code

Defendant 3:    DEPUTY LITTAU
Name (Last, First)

DEPUTY SHERIFF - DETENTION DIVISION
Current Job Title

1910 PIONEER AVENUE
Current Work Address

LARAMIE, CHEYENNE    WYOMING       82001
County, City                          State              Zip Code

Defendant 4:    JOHN AND JANE DOES 1 THROUGH 10
Name (Last, First)

UNKNOWN -- WILL OBTAIN DURING DISCOVERY
Current Job Title

1910 PIONEER AVENUE
Current Work Address

LARAMIE CHEYENNE    WYOMING       82001
County, City                          State              Zip Code

## STATEMENT OF CLAIM ONE

Place(s) of occurrence: LARAMIE COUNTY JAIL, 1910 PIONEER AVENUE, CHEYENNE, WYOMING 82001

Date(s) of occurrence: AUGUST 24, 2021 TO PRESENT

State which of your federal constitutional or federal statutory rights have been violated:

*Pro Se* Civil Rights Complaint                              page 4 of 13

## EIGHTH AMENDMENT - FREE FROM CRUEL AND UNUSUAL PUNISHMENT

State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you

FACTS:

What happened to you?

ON AUGUST 24th, 2021, I SUFFERED A MAJOR MEDICAL EMERGENCY. DURING THIS EMERGENCY, I WAS LEFT ON THE FLOOR OF THE JAIL CELL AND WAS NOT PROVIDED MEDICAL ATTENTION, LASTING FOR MORE THAN ONE (1) HOUR.

Who did what?

CORRHEALTH'S ON DUTY NURSE AND DEPUTY LITTAU FAILED TO RESPOND TO MY CALLS FOR ASSISTANCE, AS WELL AS THE CALLS MADE BY OTHERS

*Pro Se* Civil Rights Complaint

INMATES IN THE POD. THIS WAS DENIAL OF
EMERGENT MEDICAL CARE.

**Was anyone else involved?**

LIEUTENANT JOHNSON #C301, CAPTAIN DON HOLLINGSHEAD
#C4, SHERIFF DANNY GLICK #C1, ALL WERE INVOLVED
IN THE GRIEVANCE PROCEDURE AND DENIED ANY
WRONG DOING AND ATTEMPTED TO COVER UP
THE INCIDENT.

## STATEMENT OF CLAIM TWO

Place(s) of occurrence: _LARAMIE COUNTY JAIL, 1910 PIONEER AVENUE, CHEYENNE, WY 82001_

Date(s) of occurrence: _AUGUST 24th, 2021 TO PRESENT_

State which of your federal constitutional or federal statutory rights have been violated:

_DENIAL OF ADEQUATE MEDICAL CARE_

State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.

FACTS:

> What happened to you?

AFTER FINALLY BEING TAKEN TO THE HOSPITAL FOR EMERGENCY MEDICAL TREATMENT, THE EMERGENCY ROOM DOCTOR REFERRED ME TO FOLLOW UP WITH NEUROLOGY. THE JAIL STAFF HAS FAILED TO COMPLY WITH THAT MEDICAL REFERRAL, WHEREBY EXASERBATING MY SERIOUS MEDICAL CONDITION.

**Who did what?**

CORRHEALTH, INC AND DANNY BUCK HAVE
KNOWINGLY REFUSED TO ALLOW PLAINTIFF TO
SEE THE REQUIRED NEUOROLOGIST, WHEREBY
DENYING ME ACCESS TO ADEQUATE AND
APPROPRIATE MEDICAL CARE.

**Was anyone else involved?**

LIEUTENANT JOHNSON #C301 DENIED THE FILED
GRIEVANCE.

*Pro Se* Civil Rights Complaint                    page 8 of 13

[Attach additional sheets of paper using the same format for additional claims.]

## ADMINISTRATIVE PROCEDURES

**PLEASE NOTE**: Prisoners **must exhaust** administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.

### Exhaustion of Administrative Remedies as to Claim One

(a)     Is there a grievance procedure at your institution?      ☒ Yes ☐ No

(b)     Have you filed a grievance about the facts in claim one?      ☒ Yes  ☐ No

(If you did not file a grievance, skip to d.)

(c)     If your answer is YES:

1.     Was the grievance:  Informal ☐     Formal ☐     Both ☒

2.     What was the result?  *Denied, Stated jail did nothing Wrong*

3.     Did you appeal?     ☒ Yes ☐ No

4.     If you did appeal, what was the result?  *Denied, stated jail did nothing wrong*

(d)     If your answer is NO, explain why you did not file a grievance: _____

### Exhaustion of Administrative Remedies as to Claim Two

(a)     Is there a grievance procedure at your institution?      ☒ Yes ☐ No

(b)     Have you filed a grievance about the facts in claim one?      ☒ Yes  ☐ No

(If you did not file a grievance, skip to d.)

(c)     If your answer is YES:

1.     Was the grievance:  Informal ☐     Formal ☐     Both ☒

2.     What was the result?  *DENIED. NO ACTION TAKEN*

*Pro Se* Civil Rights Complaint                                        page 9 of 13

3.    Did you appeal?    ☒ Yes    ☐ No

4.    If you did appeal, what was the result?  _DENIED. JAIL STATED_
      _THEY DID NOTHING WRONG_

(d)    If your answer is NO, explain why you did not file a grievance: _____

_____

_____

[Attach additional sheets of paper using the same format for additional claims.]

**RELIEF**

State briefly what you want the Court to do for you. Make no legal arguments. Cite no
cases or statutes.

① INJUNCTIVE RELIEF REQUIRING DEFENDANTS TO
PROVIDE ADEQUATE MEDICAL CARE

② $100,000 PUNITIVE DAMAGES, PER DEFENDANT
PER OCCURANCE.

**PRISONER'S LITIGATION HISTORY**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma
pauperis in federal court if that prisoner has "on three or more occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the United
States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a
claim upon which relief may be granted, unless the prisoner is under imminent danger of
serious physical injury." 28 U.S.C.  §1915(g).

*Have you brought any other lawsuits in state or federal court while a prisoner?*   ☐ *Yes*   ☒*No*

　　*If yes, how many?* _____Ø_____

Number each different lawsuit below and include the following:

Name of case (including defendants' names), court, and docket number

Nature of claim made

How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

| N/A |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

## PLAINTIFF'S DECLARATION AND WARNING

　　Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the

*Pro Se* Civil Rights Complaint                    page 11 of 13

cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the facts in this complaint are true to the best of my knowledge, information and belief. I understand if this certification is not correct, I may be sanctioned by the Court.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Plaintiff must sign and date the complaint and provide prison identification number and prison address.

_OCTOBER 07, 2021_
Dated

_e~1_
Plaintiff's Signature

_WILLMER, SR., CHRIS M._
Plaintiff's Printed Name (Last, First, MI)

_05/253_
Plaintiff's Prison Identification #

_1910 PIONEER AVENUE      CHEYENNE      WY      82001_
Prison Address                  City              State        Zip Code

## CERTIFICATION OF MAILING

I declare under penalty of perjury this Complaint was placed in the institutional mailing system or deposited with prison officials on the _07 DAY OF OCTOBER, 2021_ (month, day, year).  I attest first-class postage has been prepaid.

Executed (signed) on _07 DAY OF October, 2021_ . (date)

_____
Signature of plaintiff
CHRIS M. WILLMER, SR.
1910 PIONEER AVENUE
CHEYENNE, WY 82001

## LARAMIE COUNTY SHERIFF'S DEPARTMENT
## DETENTION DIVISION
## <u>INMATE REQUEST</u>

Inmate:  (Last) Willmer SR       (First) Chris's       (Middle) M

Date: 8/25/21       Pod: M       Room: 406

Purpose:
☐ Release Date       ☐ Court Issues       ☐ Inmate Labor Status
☐ Notary Service       ☐ Programs       ☐ Mail Issues
☐ Medical/Sp. Diet       ☐ Classification       ☒ Other: Copies

Request:

May I get copies of my medical papers from my trip to the Hospital 8/24/21 All papers Thank you Chris Willmer

Received by: Buckley 721       Date: 08-24-21

Answer:

They have been placed in your Property and you will receive them when you are released.

If you are requesting any medical records you will need to submit a request to get copies from records

Answered by: Corporal Onisto       ID #: 64       Date: 8-25-2021

DF-311       White-Soc File, Yellow-Security/Spt Service Lt-file       REV. 11/04

**LARAMIE COUNTY SHERIFF'S DEPARTMENT**
**DETENTION DIVISION**
**INMATE GRIEVANCE/APPEAL**

Grievance # 08-24-21 2145

| Inmate: (Last) | (First) | (Middle) |
|---|---|---|
| Willner SR | Chris | M |

Date: 8-25-21   POD: M   Room: 406

Check One: ☐ Grievance ☐ Appeal of DHO
Grievance of: ☐ Food Svc ☒ Medical ☐ Classification ☐ Staff ☐ Other

**Provide specific reason(s) for grievance/appeal:**

On 8/24/21 at or about 02:50 hrs. I suffered a major medical emergency. During this time the Dep. Littau, the on duty Pod officer, had already did his check and seen me laying on the lavrate floor. The Pod officer, intentionally, willfully and with gross neglect, failed to appropriately respond to my medical emergency. After another inmate pressed the emergency call intercom button, a nurse was finally summoned for help over 20 minutes later. Once the nurse arrived, she indicated to deputies to pretend to walk away, as she believed I was faking a illness. Finally the nurse realized it was a serious matter and 52 minutes later an ambulance was called. As a result of the deputy and medical personel's lack of response, I suffered needlessly and was denied adequate medical care in violation of my constitutional rights, pursuant to 42 USC 1983

Received By: Buckley  I.D. No.: 121  Date/Time: 08-24-21 2145
SPVR Review: Corporal Onisto  I.D. No.: 64  Date/Time: 8-25-21 0132

Routed To: ☐ Programs ☐ Classification ☐ Medical ☐ Admin. ☐ Security LT. ☐ Sup Svc Lt. ☐ Other
Answer: ☐ Approved/ Valid ☒ Disapproved/ Invalid ☐ Other

After speaking with Deputy Littau he did observe you lying on the floor what appeared to him that you were breathing, sleeping on the floor like you have multiple times.

After speaking to the Nurse she did say to step from the door to the other Deputies to see if you tried to move your neck. Nothing about you were faking it.

Answered By: Corporal Onisto  I.D. No.: 64  Date/Time: 8-25-21 0139

White- Social File,   Yellow- Security Lt/Support Service Lt - File,   Pink- Inmate (Response),   Goldenrod- Inmate

DF-329   REV. 10/04

## LARAMIE COUNTY SHERIFF'S DEPARTMENT
### DETENTION DIVISION
## INMATE GRIEVANCE/APPEAL

...ance # 02 - 85521-0153

...e: (Last) SR _Zillmer_   (First) _Chris_   (Middle) _M_

...: _8-26-21_   POD _M_   Room _406_

...k One: ☒ Grievance ☐ Appeal of DHO

...vance of: ☐ Food Svc ☐ Medical ☐ Classification ☐ Staff ☐ Other

...ide specific reason(s) for grievance/appeal:

_On the 24th of August Around 2:50AM I suffered a major medical emergency During this time the on Duty Pod officer Littau That Already Performed security check and observed me screaming and Pleading for help. The Pod officer intentionally willfully And with gross neglect failed to appropriately Respond to my medical Emergency. After Another inmate Passed the Emergency cell intercom Button A nurse was finally summoned for Help. approximately 30 minutes later. once the Nurse Arrived she indicated To the Deputy to Pretend to walk As if she Believed I was taking An illness family the Nurse believed it was a serious matter And 55 minutes later a Lockdown was called As A Result of the Deputy And my own Lack of Response. I suffered needlessly And was denied Adequate medical Care. In violation of my constitutional Rights. Pursuant to 18 USC 1988_

Received By: _Littau_   I.D. No.: _012_   Date/Time: _8/25/21 0223_

SPVR Review: _Brooks_   I.D. No.: _203_   Date/Time: _8/26/21 0137_

Routed To: ☐ Programs ☐ Classification ☐ Medical ☐ Admin.
☐ Security LT. ☐ Sup Svc Lt. ☒ Other

Answer: ☐ Approved/ Valid ☒ Disapproved/ Invalid _Lt. Johnson_
☐ Other

_After review of this incident I conclude you received appropriate medical care._

_Medical staff remained by your side until offsite medical Response arrived to transport you to Cheyenne Regional Medical Center._

_Once at the local hospital you stayed for approximately 3 hours before a medical licensed doctor cleared you for incarceration with no physical restrictions._

Answered By: _____   I.D. No.: _301_   Date/Time: _9/3/21_

DF-329                                                                 REV. 10/04

## LARAMIE COUNTY SHERIFF'S DEPARTMENT

0901Z/1685

0901202/1655

**DETENTION DIVISION**

**INMATE GRIEVANCE/APPEAL**

Grievance # _____ - _____

| Inmate: (Last) | (First) | (Middle) |
|---|---|---|
| Willmer Sr | Chris | M |

Date: 9-1-21   POD: ⑥ L   Room: 207

Check One: ☒ Grievance  ☐ Appeal of DHO
Grievance of: ☐ Food Svc  ☐ Medical  ☐ Classification
☐ Staff  ☐ Other _____

Provide specific reason(s) for grievance/appeal: On the 24th
of Aug. Around 250 am I suffered a major medical
Emergency. During this time the on Duty Pod
officer Lathrub had Already Performed A security
seen me on the Floor, Yelling For Help, the Pod
Officer intentionally, Willfully and with
gross neglect, Failed to Appropriately Respond
to my medical Emergency. After Another
Inmate Pressed The Emergency Call
intercom Button. A Nurse was Finally
Summoned For Help, 20 minutes later
Once the Nurse Arrived she indicated
to the ~~Pod officer~~ Deputies to Pretend
to walk Away, As she Believed I was
Faking an Illness Finally the
Nurse Realized it was A serious matter
and 52 minutes later an Ambulance
was called. As A Result of the Deputies
and medicals lack of Response. I
suffered Needlessly And was Denied Adequate medical
care. In Violation of my constitutional Rights Pursuant
to 42 USC 1988

| Received By: Avalos 99 | I.D. No.: 99 | Date/Time: 1655/9-1-2021 |
|---|---|---|
| SPVR Review: ___ | I.D. No.: C24 | Date/Time: 9/1/21 @ 1739 |

Routed To: ☐ Programs  ☐ Classification  ☐ Medical  ☐ Admin.
☐ Security LT.  ☐ Sup Svc Lt.  ☒ Other H. Johnson

Answer: ☐ Approved/ Valid  ☒ Disapproved/ Invalid
☐ Other _____

This has already been
answered

| Answered By: ___ | I.D. No.: 381 | Date/Time: 9/3/21 1228 |
|---|---|---|

White- Social File,   Yellow- Security Lt/Support Service Lt - File,   Pink- Inmate (Response),   Goldenrod- Inmate

DF-329

REV. 10/04



4.20z
4 stamps

United States District Court
Office of the Clerk
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

Laramie County
INMATE MAIL

Chris Dohaney Sr
1910 Pioneer Avenue
Cheyenne, WY 82001

CHEYENNE WY 820
NOV 4
20 21

CHEYENNE WY 820
NOV 4
20 21

Legal
mail