IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHRIS M. WILLMER, SR., | |
| Plaintiff, | |
| vs. | Case No. 21-CV-0204-SWS |
| DANNY L. GLICK, Laramie County Sheriff; DEPUTY SHERIFF LITTAU; CORRHEALTH, INC.; and JOHN DOES #1 THROUGH #10, | |
| Defendants. | |

**ORDER ON SCREENING OF AMENDED PRISONER COMPLAINT**

This matter comes before the Court on the Plaintiff's amended pro se civil rights complaint (ECF No. 4) and his motions to proceed in forma pauperis (ECF Nos. 2, 5). When a prisoner in a civil action seeks redress from a governmental entity or officer or employee of a governmental entity, as here, the district court "shall review [the complaint], before docketing, if feasible or, in any event, as soon as practicable after docketing," and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) and (b)(1). Likewise, § 1915(e)(2)(B) directs the court to dismiss an IFP case *at any time* if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted, notwithstanding any filing fee that may have been paid.

Upon screening Plaintiff's original complaint, the Court determined it could not adequately assess whether Plaintiff stated an Eighth Amendment claim because he had failed to identify the nature of his medical condition. (*See* Order at 4, ECF No. 3.) Accordingly, the Court allowed

Plaintiff thirty days to amend his complaint adding "sufficient factual information about his medical condition so this Court may evaluate his Eighth Amendment claims." (*Id.*) Specifically, the Court advised Plaintiff he "must allege sufficient facts to show his medical needs are sufficiently serious to meet Eighth Amendment standards." (*Id.*) Unfortunately for Plaintiff, his attempt to cure the deficiencies in his original complaint falls short and his amended complaint cannot survive screening under § 1915A.

### AMENDED COMPLAINT ALLEGATIONS

Plaintiff is a pretrial detainee at the Laramie County Detention Center in Cheyenne, Wyoming. He alleges that on August 24, 2021, he suffered a "major seizure" while in his jail cell, but Deputy Littau failed to timely respond to another inmate's calls for assistance, despite having previously observed Plaintiff laying on the floor in an awkward position. (Am. Compl. at 5.) Plaintiff further alleges the deputy "finally summoned for help" 20 minutes later, but once the nurse arrived she indicated to the deputies she believed Plaintiff was faking an illness. (*Id.*) Plaintiff alleges the nurse finally called an ambulance "52 minutes later" and the ambulance arrived 1½ hours after the initial call for assistance. (*Id.*) Plaintiff further alleges that after being taken to the hospital, he "spent six [hours] first visit, 8 to 10 [hours] second visit, 4½ days third visit because of this seizure and six other seizures because of the wrong medication given to [him] by Corrhealth." (*Id.*) Plaintiff alleges that after numerous seizures and trips to the hospital, "emergency medical staff" recommended he see a neurologist. (*Id.* at 7.) Plaintiff claims the Detention Center staff, particularly Corrhealth nurses and Sheriff Glick, have failed to follow up on his referral to a neurologist for continued care to address "unknown problems going on inside [himself]." (*Id.* at 7-8.) Plaintiff adds he is taking new medication and complains he hasn't seen a "bone and joint" specialist for the sprained arm he suffered in a fall presumably caused by the

8/24/21 seizure. (*Id.*) His grievances regarding these complaints were denied. (*See* Am. Compl. at 9-10, ECF No. 1 at 14-17.)

Plaintiff's amended complaint again asserts two claims under 42 U.S.C. § 1983 for the denial of his Eighth Amendment right to adequate medical care. Claim One relates to the alleged delay in providing him emergent medical care on August 24, 2021, and Claim Two relates to the Defendants' alleged failure to follow up on his referral to a neurologist.

## STANDARD OF REVIEW

In reviewing a complaint for failure to state a claim, the court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted).

The Court should liberally construe pro se filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "[I]f the court can reasonably read the pleadings to state a valid claim on which the

plaintiff could prevail, it should do so despite a lack of proper legal citation or theories." *Id.* Even so, it is never "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Normally, an order dismissing a pro se complaint for failure to state a claim should be without prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). But dismissal with prejudice is proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (citation omitted).

## DISCUSSION

"A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious. . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "To be held liable under § 1983 for deliberate indifference, an official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209. "In terms of the subjective component, i.e., the requisite deliberate indifference, a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).

"[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Mata v. Saiz*, 427 F.3d 745, 751 (10th

Cir. 2005) (internal quotation marks and citation omitted). "Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems[,] . . . [or] when the delay results in a lifelong handicap or a permanent loss." *Hunt*, 199 F.3d at 1224 (citations omitted).

Though Plaintiff's amended complaint provides some additional details surrounding the events on August 24, 2021, the only additional factual allegations relating to his medical condition are that he has suffered multiple seizures resulting in trips to the hospital. These additional facts are insufficient to meet the objective, "sufficiently serious" standard for an Eighth Amendment claim or suggest a delay in the requested medical care resulted, or will result, in "substantial harm." Thus, Plaintiff has failed to allege sufficient facts to state an Eighth Amendment claim. THEREFORE, it is hereby

ORDERED that Plaintiff's motions to proceed *in forma pauperis* are DENIED and his Amended Complaint is DISMISSED WITHOUT PREJUDICE.

Dated this 11th day of January, 2022.

Scott W. Skavdahl
United States District Judge